# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

RONALD W. HANSEN,

    Plaintiff,

vs.

SAVAGE ARMS CO.; and SAVAGE ARMS INC.,

    Defendants.

No. 17-CV-3002-LTS

**ORDER**

_____

## TABLE OF CONTENTS

I. Factual and Procedural Background ............................................................... 2

II. Applicable Law ............................................................................................... 3

III. Discussion ....................................................................................................... 5

   A. Bulged Barrels ............................................................................................ 6

   B. Muzzleloader Return Team ...................................................................... 11

   C. Sanctions .................................................................................................. 12

IV. Conclusion .................................................................................................... 13

This matter is before the Court on Ronald W. Hansen's ("plaintiff") Motion to Compel Discovery and Request for Expedited Relief. (Doc. 67). Savage Arms Co.[1] and

---

[1] Savage Arms Co. has apparently been dissolved and no longer exists. (Doc. 9, at 1 n. 1 "Savage Arms Co. is a dissolved Delaware Corporation and is not a viable legal entity."). However, Savage Arms Co. has not been dismissed from the instant case. Thus, the Court will refer to both Savage Arms Co. and Savage Arms Inc. as the defendants in this matter.

Savage Arms Inc. ("defendants") timely filed their resistance (Doc. 70), and plaintiff timely filed his reply. (Doc. 71). Although plaintiff requested oral argument, the Court determined that oral argument was not necessary and, further, that granting plaintiff's request for oral argument would hamper plaintiff's request for expedited relief. As such, the Court considers the motion to be fully submitted and ripe for a ruling. For the following reasons, plaintiff's motion is **denied**. Defendants' request for sanctions is **denied**.

### I. *FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiff alleges that while firing a muzzleloader rifle manufactured by defendants, the muzzleloader exploded, causing plaintiff to suffer severe permanent injury to both his right hand and ear. (Doc. 8). The cause of the alleged explosion is in dispute. Plaintiff theorizes that the explosion was caused by a design defect, which caused the steel used to manufacture the firearm to weaken and begin "bulging," before ultimately exploding. (Doc. 67-3, at 2-4). Defendants, however, contend that the alleged explosion was caused by user error as opposed to a defect with the firearm. This dispute has led plaintiff to seek discovery of those firearms whose barrels bulged. Although defendants maintain that bulged barrels are irrelevant to the instant litigation, defendants assert that "in an effort to avoid discovery disputes and move this case forward, Defendant[s] produced copies" of all information pertaining to bulged barrels that plaintiff contends has gone unproduced. (Doc. 70, at 4-6). Plaintiff, in turn, asserts that defendants' claim that they have produced all such material "is simply untrue and misleading." (Doc. 71, at 2). Plaintiff, however, offers nothing in support of this contention.

This is the second motion to compel discovery that has come before the Court. In the Court's first Order, the Court determined that defendants properly objected to certain definitions posed by plaintiff in the context of discovery requests and that defendants

properly proposed different clarifying definitions. (Doc. 62, at 11-12). The Court previously found the alternative definitions to be "unobjectionable." (*Id.*, at 11). As the Court noted, however, the Court's determination that the definitions were acceptable was due more to plaintiff's failure to provide the Court with any reason to find the alternative definitions improper, than it was due to a finding on the merits of the definitions themselves. (*Id.*, at 11-12). Otherwise stated, plaintiff previously failed to make his case that the definitions were improper. The issues currently presented largely overlap with those issues the Court considered previously. The Court has addressed the overlap where appropriate.

The issues presented in the instant motion are as follows: 1) whether bulged barrels are to be included within the scope of discovery; 2) whether defendants should be compelled to produce "any and all information generated by the muzzleloader return team;" 3) whether defendants should be compelled to produce "in as convenient form as possible" the contact information for customers who returned muzzleloaders with bulged barrels; 4) whether defendants should be compelled "to make an immediate due and diligent search for the current employment, addresses[,] and phone numbers of proposed deponents;" and 5) whether defendants should be ordered to comply with the Court's previous Order. (Doc. 62). (Doc. 67, at 1-3). Defendants contend that the motion "was not substantially justified," and request that they be awarded reasonable attorneys' fees incurred in resisting the motion. (Doc. 70, at 7-8).

## II.   APPLICABLE LAW

A party moving to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1); *see also* LR 37(a). Alternatively, counsel may certify in a written declaration

that such a personal conference was impossible "and describe the efforts undertaken to schedule the conference. An exchange of written communications or a single telephone message will not, by itself, satisfy the requirements of this [rule]." LR 37(a). The importance of the meet-and-confer requirement is not to be diminished. *See Williams v. Cent. Transp. Int'l., Inc.*, No. 4:13-CV-2009 (CEJ), 2014 WL 6463306, at *2 (E.D. Mo. Nov. 17, 2014) ("The meet-and-confer requirement is 'not an empty formality.'").

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). Rule 26(b) is widely acknowledged as "liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (citation omitted). Additionally, in the context of discovery, the standard of relevance is "broader" than in the context of admissibility. *Id.* (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978)). Yet, "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Id*.

Rule 401 of the Federal Rules of Evidence reads: "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID.

401. A discovery request "should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Catipovic v. Turley*, No. C11-3074, 2013 WL 1718061, at *2 (N.D. Iowa Apr. 19, 2013) (internal quotation marks and citation omitted).

The party requesting discovery bears the burden of making a threshold showing that the requested discovery would be relevant; once this threshold has been met, the burden of proving irrelevance shifts to the party resisting the motion to compel. *Hofer*, 981 F.2d at 380-81 (holding that the proponent of discovery bears the initial burden of establishing relevance); *Cont'l Ill. Nat'l Bank & Trust Co. of Chi. v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) ("All discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." (internal citation omitted)).

Here, the Court finds that the parties did properly meet and confer regarding this discovery dispute in compliance with FED. R. CIV. P. 37(a)(1) and LR 37(a).

### III. DISCUSSION

Having found that the meet and confer requirement has been satisfied, the Court will first consider whether bulged barrels should be included within the scope of discovery and whether defendants should be compelled to produce "the last known address and telephone number of all persons who returned" their muzzleloaders due to bulged barrels. (Doc. 67, at 2). The Court will then turn to whether defendants should be compelled to produce any materials generated by the muzzleloader return team. Finally, the Court will consider defendants' motion for sanctions.

The Court previously ordered defendants "to supplement their discovery responses to explicitly state that they have diligently and in good faith searched for [documents

5

responsive to plaintiff's requests for production] and have produced all responsive documents [defendants] located." (Doc. 62, at 16). This declaration is relevant to whether defendants should be compelled to produce the materials now requested, as outlined *supra*, as well as to plaintiff's final request that defendants be ordered to come into compliance with this direct mandate.

The Court has been advised that although defendants had not provided the aforementioned declaration as of the date the instant motion was filed, defendants have since provided the declaration. The Court previously provided that it would accept defendants' declaration as true. (*Id.*). The Court stands by that intention and, thus, is satisfied that defendants have fully complied with the Court's previous Order. As a result, plaintiff's request that defendants be required to come into compliance with the Court's previous Order (Doc. 62) is **denied as moot**. Likewise, the parties have indicated that defendants have provided the requested contact information for potential deponents. (Docs. 70, at 7; 71, at 3). As such, plaintiff's request that defendants be compelled to provide the requested contact information is **denied as moot**.

### A. *Bulged Barrels*

The motion to compel currently at issue largely circles around the definition of "other similar instances" defendants proposed in response to plaintiff's discovery requests. Plaintiff contends that the definition of "other similar instances" should include bulged barrels because, as shown above, plaintiff asserts that a bulging barrel is indicative of a barrel that will soon explode. (Doc. 67-3, at 3-4). Thus, plaintiff's logic is that bulged barrels should not be excluded from discovery simply because they had not yet reached the point of exploding. (*Id.*).

As defendants assert, this issue has already been litigated. The definition of "other similar instances" was one of the definitions previously submitted to the Court, and the

Court previously found the definition proposed by defendants—which did not include bulged barrels as "other similar instances"—was not objectionable. Plaintiff had his chance to present the Court with evidence showing why bulged barrels should be included in the definition of "other similar instances," and plaintiff failed to use such evidence in support of his position. Plaintiff now relies upon an expert witness report in support of his position. (Doc. 67-7). Notably, this report is dated October 16, 2017 (Doc. 67-7, at 30), and was included as an exhibit to plaintiff's first motion to compel. (Doc. 40-2). The difference, however, is the purpose for which the report is now being used, as will be discussed *infra*. To allow a party a second opportunity to litigate an issue such as the one now presented results in a waste of judicial resources and a waste of the parties' resources. *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979) ("Collateral estoppel . . . has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." (citation omitted)). Such a waste certainly does not serve the interests of "secur[ing] the just, speedy, and inexpensive determination" of cases. FED. R. CIV. P. 1. The Court will thus not permit plaintiff a second opportunity to litigate the same issues presented previously.

As discussed above, the Court will not entertain plaintiff's renewed request that bulged barrels be included within the scope of discovery and that defendants be compelled to produce the contact information for those customers who returned their muzzleloaders due to bulged barrels. The Court will, however, explain the rationale behind its declination to reconsider the issue. Without fully recounting its earlier discussion (Doc. 62) of whether bulged barrels should be included in the definition of "other similar instances," the Court will summarily note the differences presented between this second motion to compel and the first. The primary difference is that plaintiff has now met his

burden of proof in showing why bulged barrels should be included in the definition. Plaintiff previously presented no legal analysis nor expert opinion on the issue.

The primary issue presented with respect to whether bulged barrels are relevant is an issue of metallurgy.[2] The Court is not learned in metallurgy, nor is this an issue that the Court could properly consider absent some sort of expert analysis. The first time plaintiff raised the issue of bulged barrels, plaintiff simply provided argument, without evidence, that bulged barrels should be included in the definition of "other similar incidents." Because the bulged barrels are an issue of metallurgy, about which the Court cannot formulate its own findings, plaintiff's argument alone was insufficient to meet his burden of proving relevance. *Hofer*, 981 F.2d at 380.

Plaintiff has now, however, used an expert witness report to support this argument. The report purports to show that when a muzzleloader's barrel bulges, the bulge is caused because of the same defect that causes barrels to ultimately explode. (*See* Doc. 67-7). Although this report was included with plaintiff's first motion to compel (Doc. 40-2), plaintiff used the report merely to show that "plaintiff nevertheless plowed forward trying to comply with the Court[']s scheduling order." (Doc. 40-1, at 6). At no point did plaintiff attempt to use the report substantively or even exhibit recognition that the report could be used substantively. In short, plaintiff's second motion to compel rehashes the arguments the Court previously decided, but now relies upon then-existing evidence for its substantive, rather than its procedural, value. The Court will therefore not entertain plaintiff's argument that the bulged barrels should now be included within the scope of discovery. It may be that plaintiff is correct that bulged barrels reflect firearms that will soon explode with repeated firings. Plaintiff, however, should have supported that

---

[2] Metallurgy is the branch of science concerned with the physical and chemical behavior of metallic elements, their intermetallic compounds, and their mixtures.

argument with proper evidence in the first instance instead of resubmitting his motion with newfound considerations of the same evidence.[3]

Even if the Court were inclined to grant the motion, however, the Court is doubtful that defendants could produce additional materials. Defendants attested in their resistance that plaintiff's motion "is without merit as all complaints relating to bulged barrels have been provided as part of the production of the *Palatka* materials. There is no benefit to[ ] compelling production of documents that Plaintiff already possesses." (Doc. 70, at 5). The "*Palatka*" materials referenced in defendants' resistance are the discovery materials produced in *Palatka v. Savage Arms, Inc.*, No. 1:10-cv-626, 2015 WL 13621441 (Mar. 31, 2015). Plaintiff in the instant case requested that defendants produce the entire body of discovery that was produced in *Palatka*. Defendants, seemingly, complied. Thus, plaintiff should be in possession of all discovery that was produced in *Palatka*.

In accordance with this Court's prior Order (Doc. 62), defendant has already provided a sworn declaration to plaintiff that defendant has produced all of the materials produced in any previous litigation. (*See also* Doc. 67-2, at ¶ 21). Defendants' statement that "all complaints relating to bulged barrels" were included in the *Palatka* materials was made by two attorneys who are officers of the Court and have a duty of candor to the Court. Further, the legal profession is just that—a profession. Members of the legal profession should be able to rely upon one another to conduct themselves as professionals, which includes the basic courtesy of honesty regarding whether certain materials have been produced. Although the Court is not so naïve as to think all attorneys are honest on every occasion, the Court has no reason to doubt the truth of defense counsel's insistence that plaintiff has received the materials he now seeks to compel, yet again. *See Jones v.*

---

[3] The Court will also briefly note that in the absence of plaintiff using the report for its substantive value, the Court was under no obligation to make the argument that the report supported plaintiff's position *sua sponte*. It is not the job of the Court to make the parties' arguments for them, and the Court will not assume the role of advocate.

*Derwinski*, 1 Vet. App. 596, 606 (Ct. App. Vet. Cl. 1991) (finding that "the Court must be able to rely upon the representations of those who practice before it"). Indeed, the Court has not been advised of any previous misdeeds in this case. Thus, even if the Court were to compel defendants to produce all materials relating to bulged barrels, every indication shows that plaintiff would not receive any new material that he does not already possess. Should plaintiff later discover that defendants did withhold such information, plaintiff may petition the Court for appropriate sanctions.

Further, the Court has explicitly considered the issue of whether defendants should be compelled to provide plaintiff with the contact information of other customers who returned their muzzleloaders due to bulged barrels. The Court's analysis of that issue surrounded the excessive number of interrogatories plaintiff propounded as opposed to the substantive request at issue. Defendants initially objected to certain of plaintiff's interrogatories as being in excess of the twenty-five interrogatories permitted without leave of court. FED. R. CIV. P. 33(a)(1). The Court upheld defendants' objections on this basis and stated, in no uncertain terms:

> The Court notes that defendants have provided substantive responses to some of the interrogatories they contend are in excess of the number permitted. However, the Court will not compel defendants to provide any further responses to Interrogatories Seven through Twenty-Seven, as these are in excess of the twenty-five permitted interrogatories.

(Doc. 62, at 15). The interrogatory requesting the contact information at issue is Interrogatory Number *Eleven*. Interrogatory Number Eleven, of course, falls within the range of Interrogatories Seven through Twenty-Seven, which the Court explicitly found were in excess of the number permitted. This issue, just as the definition of "other similar instances" has already been litigated. The Court will not revisit this issue absent a compelling reason. As such, plaintiff's motion with respect to bulged barrels and customer contact information is **denied**.

Further, defendants provided the Court with a spreadsheet purporting to identify the exact Bates-Numbered pages at which plaintiff may find the contact information for other customers who returned their muzzleloaders due to bulged barrels. (Doc. 70-1). On its face, the spreadsheet is clear and identifies only a few pages to which plaintiff would have to turn for each customer to locate the information requested. Plaintiff is thus capable of readily identifying the contact information for each customer at issue.

The Court is unclear what plaintiff means by compelling defendants to produce the requested information "in as convenient form as possible." (Doc. 67, at 2). Plaintiff does not specify whether he requests the information be produced in the most convenient form for defendants to assemble it or whether he requests that it be produced in the most convenient form possible for plaintiff to analyze it. Either way, plaintiff has mistaken the standard for the production of such information. Federal Rule of Civil Procedure 33(d) allows a party to produce business records in response to an interrogatory "if the burden of deriving or ascertaining the answer will be substantially the same for either party." Plaintiff has not alleged that defendants are in possession of the requested information in any form other than within the business records identified in the aforementioned spreadsheet. Plaintiff, likewise, does not contend that he faces a greater burden in ascertaining the information than defendants would face in culling through the records indicated on the spreadsheet to locate the information. As such, plaintiff's request is without merit.

### B. *Muzzleloader Return Team*

Defendants' resistance provides that "[p]laintiff is in possession of all information known to exist (save for privileged communications with counsel) regarding [the muzzleloader return team]." (Doc. 70, at 6-7). Plaintiff's position is that plaintiff requested information surrounding the muzzleloader return team "in several different

interrogatories and requests for production." (Doc. 71, at 5). In December 2017, the Court ordered defendants to provide plaintiff with a sworn declaration that they had "diligently and in good faith searched for responsive documents and [had] produced all responsive documents they located." (Doc. 62, at 16). If the information regarding the muzzleloader return team was truly requested by plaintiff in its requests for production and interrogatories propounded prior to the Court's first Order, such information would have fallen within the purview of the previously required declaration.

Although plaintiff should understand his own discovery requests better than anyone, the Court will not make such an assumption in the instant case. The Court has no reason to doubt that defendants have produced all discovery requested with respect to the muzzleloader return team. To prevent relitigation of this issue, however, the Court will require defendants to supplement their discovery responses with a sworn statement that they have conducted a diligent and good faith search for all requested discovery materials with respect to the muzzleloader return team and that all materials that have been located have, in fact, been produced. Of course, if defendants cannot make this statement truthfully, they should supplement their discovery responses accordingly prior to issuing the statement.

This statement should be unnecessarily redundant because, as shown *supra*, this statement should have been implicitly included in defendants' prior sworn statement. The Court will not require defendants to produce a similar statement with respect to each discovery request, especially given the blanket declaration defendants have already made.

C. *Sanctions*

The Court will turn now to defendants' motion for sanctions. Although the Court will not grant sanctions in response to the current motion, the Court will strongly consider granting sanctions should plaintiff bring future unwarranted motions. *See Willhite v.*

*Collins*, 459 F.3d 866 (8th Cir. 2006) (finding that monetary sanctions, a requirement that counsel take and pass a law school course, and temporary suspension of counsel's law license were all appropriate sanctions for counsel having improperly brought a case before the court). Although the parties are welcome to bring genuine issues before the Court, plaintiff is cautioned against bringing issues before the Court that have already been litigated. Defendants' motion for sanctions is **denied**.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Compel Discovery and Request for Expedited Relief is **denied**. (Doc. 67). Defendants' motion for sanctions is **denied**. (Doc. 70, at 7-8). Defendants are directed to provide a declaration that they have conducted a diligent and good faith search for all requested discovery materials with respect to the muzzleloader return team and that all materials that have been located have, in fact, been produced.

**IT IS SO ORDERED** this 22nd day of March, 2018.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa